FILED
SUPERIOR COURT
OF GUAM

2019 SEP 26 AM 11: 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>            Plaintiff,<br><br>vs.<br><br>MARK A. TORRE, JR.,<br><br>            Defendant. | Criminal Case No. CF0421-15<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. The People of Guam ("People") are represented by Assistant Attorney General J. Basil O'Mallan III. Defendant Mark A. Torre Jr. ("Torre") is represented by Attorney Joaquin C. Arriola Jr. Having reviewed the memoranda and papers presented, the Court now issues the following Decision and Order **GRANTING** the People's Motion to Amend Indictment.

## FACTS

1. On July 24, 2015, a Grand Jury returned an Indictment charging Torre with the following: (1) Murder (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (2)

Manslaughter (as a First Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Aggravated Assault (as a Second Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Aggravated Assault (as a Third Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

2. This matter went to jury trial on January 31, 2017. Prior to deliberations, the Court instructed the jury that if they found Torre not guilty of Manslaughter, they must consider the lesser included charge of Negligent Homicide.

3. The jury returned its verdicts on March 2, 2017. Torre was acquitted of Murder (as a First Degree Felony), Manslaughter (as a First Degree Felony), and Aggravated Assault (as a Second Degree Felony), together with all Special Allegations attached to said counts. Torre was convicted of Negligent Homicide (as a Third Degree Felony) (as a lesser included offense of Manslaughter), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony, and Aggravated Assault (as a Third Degree Felony), with Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony.

4. Torre subsequently appealed his convictions and on July 31, 2019, the Supreme Court of Guam issued an opinion in *People v. Torre*, 2019 Guam 9. In its opinion, the Supreme Court found that this Court had improperly admitted certain evidence during Torre's trial, and therefore vacated the Judgment of Conviction.

5. On August 7, 2019, the People filed a Motion to Amend Indictment along with a proposed Amended Indictment. The People seek to remove the charges of which Torre

was acquitted (Murder, Manslaughter, and Assault (as a Second Degree Felony)) and add the charge of Negligent Homicide, which was not included in the initial Indictment but still considered by the jury as a lesser included offense of Manslaughter.

## ISSUES

1. Whether the People's proposed Amended Indictment is untimely because the matter is post-verdict.

2. Whether the People's proposed Amended Indictment improperly adds a new charge which has not been brought before a grand jury.

3. Whether the People's proposed Amended Indictment prejudices Torre's substantial rights.

## PRINCIPLES OF LAW

Amendments to indictments are governed by 8 GCA § 55.20, which provides: "[t]he court may permit an indictment or information to be amended upon the application of the prosecuting attorney at any time before verdict or finding if no additional [or] different offense is charged and if substantial rights of the defendant are not prejudiced." 8 GCA § 55.20. "An amendment to an indictment which alleges no new facts and cites no new statutory citation has been held not to charge an additional or different offense." *People v. Diaz*, 2007 Guam 3 ¶ 16.

The United States Supreme Court has held that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him" and that "[d]eprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." *Stirone v. United States*, 361 U.S. 212, 217 (1960). The Court clarified *Stirone* in *United States v. Miller*, 471 U.S. 130 (1985), by explaining that it is constitutionally

permissible for a court to narrow an indictment by dropping "those allegations that are unnecessary to an offense that is clearly contained within it." *Id.* at 144.

In *Williams v. United States*, 641 A.2d 479, 483 (D.C. 1994), the District of Columbia Court of Appeals held that lesser included offenses may be substituted for greater offenses without being brought before a grand jury because such amendments narrow an indictment rather than broaden it.

In the context of double jeopardy, the Ninth Circuit has held that lesser included offenses should be treated as if they had been specified in separate counts of the indictment. *United States v. Gooday*, 714 F.2d 80, 83 (9th Cir. 1983).

The test of whether an amendment will prejudice the Defendant's substantial rights is "whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other." *Diaz*, 2007 Guam 3 ¶ 17 (quoting *United States v. Fawcett*, 115 F.2d 764, 767 (3rd Cir. 1940)).

## ANALYSIS

### a. The People's Motion is timely

Torre first argues that 8 GCA 55.20 provides that an Indictment may be amended at any time "before verdict," and therefore cannot be amended at this time. It is undisputed that a jury returned a verdict in this case on March 2, 2017. It is also undisputed that this verdict was vacated by the Guam Supreme Court on July 31, 2019. The Supreme Court's reversal of Torre's conviction negates the existence of a verdict. Therefore, for all intents and purposes, this matter is pre-verdict. The Court therefore holds that the People's Motion is timely and properly before the Court.

**b. The Amended Indictment does not improperly add a new charge**

Torre next argues that the proposed Amended Indictment contains a statutory citation that was not included in the initial Indictment and must therefore be brought before a grand jury for a finding of probable cause. It is undisputed that Negligent Homicide was not specifically charged in the initial Indictment, and the proposed Amended Indictment therefore contains a new statutory citation. However, the jury was previously instructed to consider Negligent Homicide as a lesser included offense of Manslaughter. Despite finding Torre not guilty of Murder, the jury found Torre guilty of Negligent Homicide.

The initial Indictment charged Torre with Manslaughter in that he "recklessly caused the death of another human being, that is, Elbert G. Piolo." The proposed Amended Indictment seeks to charge Torre with Negligent Homicide in that he "caused the death of another human being, that is, Elbert G. Piolo, by criminal negligence."

*i.   Negligent Homicide is a lesser included offense of Manslaughter*

Guam law provides that an offense is a lesser included offense of a charged offense if it is established by proof of the same or less than all the facts required to establish the commission of the charged offense. 8 GCA § 105.58(b)(1). The Supreme Court of Guam has held that a trial court is required to provide a jury instruction on a lesser included charge if: "(1) the lesser offense is within the offense charged, and (2) based on the evidence presented at trial, a rational jury could find the defendant guilty of the lesser offense but not the greater." *People v. Perez*, 1999 Guam 2 ¶ 24. Guam law specifies that when a charge requires that a defendant acted "negligently," the People can meet their burden of proof by demonstrating that the defendant acted "intentionally," "knowingly," or "recklessly." 9 GCA § 4.35. However, the reverse is not true, and a charge requiring a showing of "intentionally," "knowingly," or "recklessly" cannot

be sustained by a showing that the defendant acted "negligently." *Id.* Negligent Homicide therefore contains a "lesser" *mens rea* requirement than Manslaughter. Apart from the *mens rea* requirement, Manslaughter (as charged in the Indictment) and Negligent Homicide contain identical elements. *Compare* 9 GCA § 16.50 *with* 9 GCA § 16.60. For this reason, the Court held that Negligent Homicide is a lesser included offense of Manslaughter and instructed the jurors that if they found Torre not guilty of Manslaughter, they must consider the charge of Negligent Homicide.

> ii. *Indictments may be amended to add lesser included offenses without being brought before a grand jury*

In *Coreas v. United States*, 585 A.2d 1376 (D.C. 1991), the District of Columbia Court of Appeals held that a new indictment is not necessary in order to add a lesser included offense. The facts of *Corea* are very similar to the facts of the present case. In *Corea*, the defendant was acquitted by a jury of Second Degree Murder While Armed, but convicted of the lesser included offense of Manslaughter While Armed. *Id.* at 1378. His conviction was later reversed on the grounds of prosecutorial misconduct. *Id.* The prosecution later retried the defendant for the lesser included offense of Manslaughter While Armed, despite such charge not being included in the indictment. *Id.* The Court of Appeals found that a new indictment was not needed:

> Indeed, the jury in *Coreas I* found him guilty of that lesser-included offense. Accordingly, the grand jury which indicted him for the greater offense necessarily found probable cause to believe that all of the elements of the lesser offense of manslaughter while armed were present. Neither the reversal of Coreas' conviction as a result of prosecutorial misconduct nor his acquittal of second degree murder while armed has any logical bearing on the grand jury's conclusion that Coreas' conduct satisfied all of the elements of voluntary manslaughter while armed, and more.

*Id.* at 1380. The Court finds this logic equally applicable in the present case.

Torre is correct in pointing out that the initial Indictment did not allege that Torre acted negligently. However, there is no logical basis for Torre's argument that a grand jury could reasonably indict Torre for Murder and Manslaughter but fail to indict him for Negligent Homicide based upon the facts of this case. The charges in the initial Indictment were of such a nature that the Court was required to include a jury instruction and verdict form for Negligent Homicide. For that reason, the Court holds that Negligent Homicide was implicitly charged despite not explicitly being named as a charge in the initial Indictment. Torre's position that the Amended Indictment charges a new or additional offense would lead to the untenable result of requiring the People to include every possible lesser included offense as charged offenses. While not explicitly charged, Torre faced the charge of Negligent Homicide and was ultimately convicted of it. The Court holds that an amended indictment does not contain a new charge if it adds a charge which was implicitly charged in the initial indictment as a lesser included offense.

### c. Torre is not prejudiced by the Amended Indictment

Lastly, Torre argues that his substantial rights will be prejudiced by the proposed Amended Indictment. The test of whether an amendment will prejudice the Defendant's substantial rights is: "whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other." *Diaz*, 2007 Guam 3 ¶ 17

Torre argues that the different degree of culpability required by Manslaughter and Negligent Homicide affects certain defenses and evidence previously available to him. Torre does not cite to a single defense or piece of evidence which would be affected based upon the new *mens rea* requirement. From the time he was indicted, Torre was on notice that he needed

to defend against all lesser included offenses. *Williams*, 641 A.2d 479, 483 (D.C. 1994). During the first trial, Torre was aware that Negligent Homicide was charged as a lesser included offense and that the jury could possibly return a verdict of Negligent Homicide. Torre therefore already had the opportunity to prepare for and defend against this charge. Therefore, he is not prejudiced by the Indictment being amended to explicitly charge Negligent Homicide.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's Motion to Amend Indictment.

SO ORDERED, this ___26th___ day of ___Sept___ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

___AG; J. Avida___

Date: 9/26/19 Time: 11:15
@
Deputy Clerk, Superior Court of Guam